## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 14-80748-WRS
                                                         Chapter 13

JAMIE L. FOSTER
LISA H. FOSTER,

        Debtors

## MEMORANDUM DECISION

This Chapter 13 case came before the Court for hearing on September 10, 2014, on the

Trustee's objection to confirmation of the Debtors' Plan.  (Doc. 22–Objection, Doc. 4–Plan).

The Debtors were present by counsel Charles G. Reynolds, Jr., and Chapter 13 Trustee Curtis C.

Reding was present by counsel Sabrina L. McKinney.  The Trustee has filed a brief.  (Doc. 25).

For the reasons set forth below, the Trustee' objection to confirmation of the Debtors' Plan is

SUSTAINED.  The Debtors are ORDERED, to amend their Plan within 30 days.

## I.  FACTS

On June 18, 2014, the Debtors filed a petition in bankruptcy pursuant to Chapter 13 of the

Bankruptcy Code.  (Doc. 1).  At the same time they filed a Plan calling for payment over time

(POT) to the unsecured creditors of $7,500.  (Doc. 3).  The Trustee objects to the Debtors' Plan

contending that the Debtors have improperly claimed a homestead exemption, in the amount of

$10,000, which should actually be only $5,000.  (Doc. 22).

The facts are undisputed.  Jamie Foster owns a one-third interest in a house located in

Valley, Alabama which he inherited from his parents.  The remaining two-thirds interest is

owned by Mr. Foster's siblings. Lisa Foster does not own an interest in the property. The Debtors value the property at $52,410 and Mr. Foster's interest at one-third of that, which is $17,470. The property is not encumbered by a mortgage. The Debtors do not report owning any other non-exempt, unencumbered property.

## II. LAW

This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(L). This is a final order.

The Trustee contends that the Debtors' Plan should not be confirmed because it fails to satisfy the requirements of 11 U.S.C. § 1325(a)(4). That section provides as follows:

> (a) Except as provided in subsection (b), the court shall confirm a plan if–
>
> * * *
>
> (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

This provision is sometimes called the "best interests of the creditors" test. The Court cannot confirm a Chapter 13 Plan if the creditors would receive more by liquidation of the Debtors' property under Chapter 7. To do this, the Court undertakes a hypothetical liquidation of the property of the estate, as if the case were one under Chapter 7. Under that scenario, a Chapter 7 Trustee would sell the Debtors' interest in the property for $17,470. From that amount, the

2

Trustee would set apart to the Debtors their exempt amount.[1]  The question becomes, how much

of the $17,470 can the Debtors exempt.  As the Trustee does not object to Jamie Foster's claim

of exemption, the resolution of the Trustee's objection turns on the question: whether Lisa H.

Foster may claim a homestead exemption in property she occupies with her husband in which she

has no ownership interest.

In Alabama, homestead exemptions are provided by Alabama Code § 6-10-2, which

provides as follows:

> The homestead of every resident of this state, with the
> improvements and appurtenances, not exceeding in value $5,000
> and in area 160 acres, shall be, <u>to the extent of any interest he or
> she may have therein</u>, whether a fee or less estate or whether held
> in common or in severalty, exempt from levy and sale under
> execution or other process for the collection of debts during his or
> her life and occupancy and, if he or she leaves surviving him or her
> a spouse and a minor child, or children, or either, during the life of
> the surviving spouse and minority of the child, or children, but the
> area of the homestead shall not be enlarged by reason of any
> encumbrance thereon or of the character of the estate or interest
> owned therein by him or her. When a husband and wife jointly own
> a homestead each is entitled to claim separately the exemption
> provided herein, to the same extent and value as an unmarried
> individual. For purposes of this section and Sections 6-10-38 and
> 6-10-40, a mobile home or similar dwelling if the principal place
> of residence of the individual claiming the exemption shall be
> deemed to be a homestead.  (Emphasis Added).

The plain language of § 6-10-2 precludes Lisa Foster from claiming an interest in the

property as the claim of a homestead exemption is limited "to the extent of any interest he or she

---

[1]  For a discussion of the hypothetical liquidation in connection with the confirmation of a
Chapter 13 Plan, <u>see</u>, <u>In re Marcus</u>, 2009 WL 2622762 (Bankr. M.D. Ala.)(Order dated
2/4/2009)(Sawyer, B.J.); <u>In re Hughes</u>, 306 B.R. 683 (Bankr. M.D. Ala. 2004)(Williams, B.J.).

3

may have therein." As Lisa has no interest in the property, it follows that she is not entitled to claim a homestead exemption pursuant to § 6-10-2.

Under Alabama law, a claim of exemption is proper if the Debtor can show both ownership and use of the property. In re Marcus, 2009 WL 262762 *2 (Bankr. M.D. Ala.)(Order entered 2/4/2009); In re Rutland, 318 B.R. 588 (Bankr. M.D. Ala. 2004); In re Simmons, 308 B.R. 559, 562 (Bankr. M.D. Ala. 2004); In re Hughes, 306 B.R. 683, 686 (Bankr. M.D. Ala. 2004)(citing Beard v. Johnson, 87 Ala. 729, 6 So. 383, 383-84 (1889); Frazier v. Espalla, 220 Ala. 446, 125 So. 611, 612 (1929); Blum v. Carter, 63 Ala. 236 (1879)). The "ownership" and "use" requirements are to be construed liberally in furtherance of public policy. Rainbow Paint and Decorating, Inc. v. Smith, 591 So.2d 451, 452 (Ala. 1991); First Alabama Bank v. Renfro, 452 So.2d 464, 468 (Ala. 1984).

The facts of the case at bar are similar to those in In re Cassity, 281 B.R. 365 (Bankr. S.D. Ala. 2001). In Cassity, a husband and wife filed a joint petition in bankruptcy pursuant to Chapter 7. The Debtors in Cassity, lived together in the marital residence, which was titled solely in the name of Mrs. Cassity, yet they both claimed a $5,000 homestead exemption in the property. The Trustee in Cassity objected to Mr. Cassity's claim of exemption, contending that he was not entitled to claim an exemption in the property, reasoning that because Mr. Cassity did not have an interest in the property which was subject to seizure by his creditors, that the homestead exemption would not protect such an interest. For this reason, Mr. Cassity's claim of exemption was disallowed. Id. at 366-67. Moreover, in a case decided in this Court, a claim of exemption was disallowed under facts nearly identical to those in Cassity. In re Hendrix, 2008

4

WL 276576 (Bankr. M.D. Ala.)(Order entered 1/29/2008). This Court's decision in Hendrix and the decision of the Bankruptcy Court in the Southern District of Alabama in Cassity support the proposition that a spouse with no ownership interest in the marital residence may not claim a homestead interest in the property. See also, In re Majors, 2008 WL 5330002 (Bankr. N.D. Ala.)(Order dated 12/18/2008)(rejecting claim of homestead exemption in motion for relief from automatic stay where the debtor did not own an interest in the residence); In re Hackler, 35 B.R. 326 (Bankr. E.D. Tenn. 1983)(rejecting claim of homestead exemption under Tennessee law of spouse who did not own an interest in the property).

The Court is aware of the implications of decisions such as this. Had the property been titled in the name of both spouses, they could have exempted $10,000, rather than only $5,000. There may be any number of reasons why a married couple would title real estate in the name of only one rather than both spouses. Having chosen the form in which they hold ownership of the property, the parties may not now complain of the consequences which flow from their decision.

The Debtors have not filed a brief in support of their position, however, at the hearing on the Trustee's objection, they cited Alabama Code § 30-2-51 and Nichols v. Nichols, 824 So.2d 797 (Ala. Civ. App. 2001). To begin, Alabama Code § 30-2-51 governs property division in divorce proceedings. To be sure, if the Debtors were to be divorced, the divorce court could award some interest, or the entire interest in the property to Lisa. However, the statute does not operate to transfer any present interest in the property of one spouse to another. This provision does not provide Lisa anything more than an expectancy which may, or may not, come to fruition in the future, in the event the Debtors divorce. Similarly, the case of Nichols v. Nichols,

involved an appeal from a property division in a divorce. The wife argued on appeal that the divorce court failed to equitably divide the property. While the wife prevailed on appeal and the case was remanded for an equitable division of property, there is nothing in that case which would support the proposition that the Lisa has any present interest in the subject property. This case, like the Alabama statute cited above, does not support the Debtors' contentions in any way.

### III. CONCLUSION

The Trustee's objection to the Debtors' Chapter 13 Plan is sustained. The "best interests of the creditors" test is not passed due to the Debtors' improper claim of a homestead exemption with respect to the claim made by Lisa Foster. Because Lisa Foster does not own any interest in the residence, she may not claim a homestead exemption in it. Any expectancy she may have in the event of a divorce is not a property interest in which she may claim a homestead exemption.

Done this 12th day of December, 2014.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Charles G. Reynolds Jr., Attorney for Debtor
   Curtis C. Reding, Trustee